VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 23-ENV-00119



| | |
|---|---|
| Town of Rockingham,<br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>Lindsay Van Schoick,<br>　　　　　　Respondent. | **MERITS DECISION** |

This is an enforcement action brought by the Town of Rockingham (Town) against Lindsay Van Schoick in relation to zoning violations occurring at property having an address of 1 Center Street, Bellows Falls, Rockingham, Vermont (the Property). On June 15, 2023, the Town, through its Zoning Enforcement Officer, issued a seven-day warning notice for two violations at the Property. First, related to a violation of Town of Rockingham Zoning Bylaws (the Bylaws) § 2421 for enclosed storage without a conditional use permit. Second, related to Bylaws § 4590 for outside storage of materials, equipment or outside displays. Mr. Van Schoick failed to file a timely appeal of the June 2023 notice. This action followed.

In this matter, the Town is represented by Stephen S. Ankuda, Esq. Mr. Van Schoick is self-represented. On February 26, 2025, this Court held a merits hearing in this matter via the WebEx platform. Both parties attended the hearing. At the conclusion of the hearing, the Court directed the Town to file a list of materials it believed needed to be removed from the Property on or before March 7, 2025, to which Mr. Van Schoick had the opportunity to respond and dispute any included materials by March 14, 2025. The Town submitted a timely filing and Mr. Van Schoick did not respond thereto.

## Findings of Fact

1. Respondent Lindsay Van Schoick owns and/or occupies property having an address of 1 Center Street, Bellows Falls, Rockingham, Vermont.

2. On June 15, 2023, the Town's Zoning Enforcement Officer issued a seven-day warning notice related to two violations at the property (the NOV).

3. First, the NOV notified Mr. Van Schoick that he was in violation of Bylaws § 2421 because he was using the Property as enclosed storage without a conditional use permit, which was required in the applicable zoning district.

4. Second, the NOV notified Mr. Van Schoick that he was in violation of Bylaws § 4590 because he was maintaining outdoor storage of materials, equipment or outdoor displays.

5. Mr. Van Schoick did not file a timely appeal of the NOV, thus the NOV is now final and binding pursuant to 24 V.S.A. § 4472.

6. As of the date of the Court's merits hearing, Mr. Van Shoick remained in violation of the Bylaws.

7. Specifically, Mr. Van Schoick retained more than 2 unregistered motor vehicles on the Property outside of the structures on the Property.

8. There are construction materials, including fencing materials and masonry materials, stored outside of the residence and structures on the Property.

9. There are additional pieces of personal property stored outside of the Property's structures including various vehicle parts, scraps of various materials including metals, fabrics, glass and rubber, personal property such as appliances and furniture, construction debris and parts, and various trash and waste.

10. The Town has requested that Mr. Van Schoick only retain vehicles registered to him and not more than 2 unregistered motor vehicles may be outside of structures on the Property.

11. The Town has also requested that construction materials that Mr. Van Schoick has represented that he intends to use, including fencing materials and brick, stone or masonry materials to be neatly and tightly stacked and/or piled, with masonry materials stacked in a square configuration, then tarped and/or covered in a waterproof manner.

12. Finally, the Town requests that all other tangible personal property outside of the home, including on any porches, be removed from the Property and not returned. This includes: all other nonregistered motor vehicles along with vehicle parts, including motors, recreational caps, recreational trailers, parts, boats, motor parts, scraps, recyclable materials including copper, brass, iron, steel, plastic, tires, household appliances, furniture, rope, rags, batteries, glass, rubber debris, waste, trash, construction debris, plumbing fixtures, any discarded, dismantled, wrecked, scrapped, ruined motor vehicle or parts thereof, including watercraft or trailers.

**Discussion**

The NOV was not timely appealed and therefore it is final and binding. 24 V.S.A. § 4472(d); see also <u>Town of Rockingham v. Van Schoick</u>, No. 23-ENV-00119, slip op. at 3—4 (Vt. Super. Ct. Envtl. Div. Mar. 28, 2024) (Walsh, J.) (denying Mr. Van Schoick's motion to dismiss this appeal and concluding that this attempted appeal was untimely). Thus, it has been conclusively established that Mr. Van Schoick violated Bylaws §§ 2421, and 4590. Further, this Court received credible evidence and testimony that, as of February 26, 2025, Mr. Van Schoick remained in violation of the Bylaws and there was significant storage of materials, including unregistered vehicles and various types of personal property, outside the Property's structures. Having found that Mr. Van Schoick remains in violation, we move to a determination of penalties and injunctive relief. Specifically, the Town has requested injunctive relief in the form of an order requiring Mr. Van Schoick to clean the Property up to be in compliance with the Bylaws and fines.

**I.     Monetary Fines**

This Court is authorized to impose a fine of up to $200 per day for each day that a violation remains ongoing. 24 V.S.A. § 4451(a)(3). The Court notes that the NOV states that a $100 per day fine is possible in an enforcement action. While we do not have the applicable zoning regulations in the record, the Court believes that this language is from those regulations. Because this is the maximum fine noticed by the Town and there has been no request to exceed that amount, the Court adopts it as the maximum fine possible in this matter.

The Court has "broad discretion" in determining the fine to be imposed. <u>In re Beliveau NOV</u>, 2013 VT 41, ¶ 22, 194 Vt. 1. "When determining a fine, the Environmental Division must 'balance any continuing violation against the cost of compliance and . . . consider other relevant factors, including those specified in the Uniform Environmental Enforcement Act.'" <u>Town of Pawlet v. Banyai</u>, 2022 VT 4, ¶ 30 (quoting <u>Beliveau NOV</u>, 2013 VT at ¶ 23). The Uniform Environmental Enforcement Act factors are:

> (1)     the degree of actual or potential impact on public health, safety, welfare, and the environment resulting from the violation;
>
> (2)     the presence of mitigating circumstances, including unreasonable delay by the Secretary in seeking enforcement;
>
> (3)     whether the respondent knew or had reason to know the violation existed;
>
> (4)     the respondent's record of compliance;
>
> (5)     Repealed by 2007, Adj. Sess., No. 191, § 5, eff. July 1, 2008.

(6)     the deterrent effect of the penalty;

(7)     the State's actual costs of enforcement; and

(8)     the length of time the violation has existed.

10 V.S.A. § 8010(b)(1)–(8).

First, there is no evidence before the Court regarding actual or potential impact from the violation on public health, safety, welfare, and the environment. The Court therefore concludes that this factor does not weigh in favor of imposing the maximum fine.

Second, there are no mitigating factors, such as delays in enforcement on the part of the Town, that would support limiting a fine.[1] This factor supports a larger daily penalty.

Third and fourth, Mr. Van Schoick had reason to know that the violation existed and allowed the violation to continue. It is undisputed that he received the NOV in June 2023, more than a year and a half before this Court's merits hearing in this enforcement action. Despite this, violations continued. At trial, evidence established that there remained significant pieces of personal property, including unregistered vehicles and construction materials and debris, outside of the Property's structures. While there was some dispute at trial over whether specific items shown in various pictures provided by the Town remained at the Property as of the date of trial and efforts undertaken by Mr. Van Schoick to clean up the Property, it is not disputed that at some level the violation continues. Thus, the Court concludes that factor three, with respect to Mr. Van Schoick's knowledge of the violation, weighs in favor of a larger daily fine. Despite this long history of non-compliance related to this violation, however, there is no evidence to support that Mr. Van Schoick has had previous zoning violations at the Property. Thus, the fourth factor weighs against a larger daily fine.

It is for the same reason that the Court weighs factor six,[2] the deterrent effect of the penalty, in favor of a larger daily fine. Again, Mr. Van Schoick has been aware of this violation for nearly two years and despite this, the violation remains ongoing. Further, Mr. Van Schoick testified that the state of his property is, in some regards, a negative or 'protest' statement to others who view it. This is a concerning inflammatory view of the zoning violation at issue in this case. We conclude that this factor weighs in favor of a larger fine to deter the violation.

Seventh, we did not receive evidence of the full scope of costs to enforce the violations incurred by the Town. Because of this, this factor weighs in favor of a lesser fine.

---

[1] While he asserts that there are other properties in the Town that are similarly situated but the Town has not pursued enforcement of, the Court received no evidence to support that claim beyond a general assertion.

[2] Factor five of the Uniform Environmental Enforcement Act has been repealed. 10 V.S.A. § 8010(b)(5).

4

Finally, this violation has existed for a significant amount of time. To date, it has been nearly two years since the NOV was issued. From June 15, 2023, the date of the NOV, to February 26, 2025, the date of the Court's trial, is 622 days. The evidence before the Court demonstrates that this violation has continued throughout this time. This supports a larger fine.

The maximum fine in this matter that the Court could impose is $62,200, which represents a $100 daily fine, the maximum cited in the NOV, for the 622 days from June 15, 2023, the date of the NOV, to February 26, 2025, the date of trial. This Court reserves a fine of $200 per day "for the most egregious zoning infractions." In re Huntington NOV Appeal, Nos. 204-8-06 Vtec, 209-9-06 Vtec, slip op. at 8 (Vt. Envtl. Vt. Mar. 18, 2008) (Durkin, J.). Further, fines under § 4451(a) are civil in nature such that they are not to be punitive and must be "rationally related to the damages suffered from landowner's violations . . . ." Town of Hinesburg v. Dunkling, 167 Vt. 514, 528 (1998). For this reason, this Court will not impose the maximum daily fine. A fine is, however, warranted. The underlying violations have been ongoing from June 2023 through the date of this Court's merits hearing in February 2025. While Mr. Van Schoick has asserted that he has made some attempts at cleaning up the Property, compliance has not been achieved. For these reasons, the Court concludes that a $5 per day fine is warranted, running from June 15, 2023 to February 26, 2025. This Results in a total fine of $3,110.

## II. Injunctive Relief

In addition to the civil penalties, the Town requests equitable remedies. Specifically, the Town asks that the Court to issue an order: (1) requiring that Mr. Van Schoick only retain vehicles registered to him and not more than 2 unregistered motor vehicles outside of structures on the Property; (2) requiring that construction materials that Mr. Van Schoick has represented that he intends to use, including fencing materials and brick, stone or masonry materials to be neatly and tightly stacked and/or piled, with masonry materials stacked in a square configuration, then tarped and/or covered in a waterproof manner, and; (3) requiring that all other tangible personal property outside of the home, including on any porches, be removed from the Property and not returned. This includes: all other nonregistered motor vehicles along with vehicle parts, including motors, recreational caps, recreational trailers, parts, boats, motor parts, scraps, recyclable materials including copper, brass, iron, steel, plastic, tires, household appliances, furniture, rope, rags, batteries, glass, rubber debris, waste, trash, construction debris, plumbing fixtures, any discarded, dismantled, wrecked, scrapped, ruined motor vehicle or parts thereof, including watercraft or trailers.

If any land is used in violation of any duly adopted bylaw, the Legislature mandated that the municipality bring "any appropriate action, injunction or other proceeding to prevent, restrain, correct, or abate that construction or use, or to prevent, in or about those premises, any act, conduct, business, or use constituting a violation." 24 V.S.A. § 4452.

The undisputed material facts show that Mr. Van Schoick is in violation of the Bylaws. As such, Mr. Van Schoick is **ORDERED** to bring the Property into compliance within 14 days of the date of this Order.

## Conclusion

For the foregoing reasons, Mr. Van Schoick is ordered to bring the Property into compliance with the Bylaws within 14 days of the date of this Order by:

> (1) only retaining vehicles registered to him and not more than 2 unregistered motor vehicles outside of structures on the Property;
> (2) neatly and tightly stack and/or pile, with masonry materials stacked in a square configuration, construction materials that Mr. Van Schoick has represented that he intends to use, including fencing materials and brick, stone or masonry materials then tarped and/or covered in a waterproof manner, and;
> (3) remove and not return all other tangible personal property outside of the home, including on any porches, from the Property. This includes: all other nonregistered motor vehicles along with vehicle parts, including motors, recreational caps, recreational trailers, parts, boats, motor parts, scraps, recyclable materials including copper, brass, iron, steel, plastic, tires, household appliances, furniture, rope, rags, batteries, glass, rubber debris, waste, trash, construction debris, plumbing fixtures, any discarded, dismantled, wrecked, scrapped, ruined motor vehicle or parts thereof, including watercraft or trailers.

Finally, this Court imposes a $5 daily fine, running from June 15, 2023 to February 26, 2025 (622 days) for a total fine of $3,110, with such fines constituting a lien upon the Property.

This concludes the matter before the Court. A Judgment Order accompanies this Decision.

Electronically signed this 9th day of April 2025 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division

6